MICHAEL P. O'CONNOR, respondent,

*v.*

INTERNATIONAL SILVER COMPANY and UNITED STATES SILVER CORPORATION, appellants.

[Argued March 22d, 1905.   Decided November 20th, 1905.]

Where corporation A has acquired all the capital stock of corporation B, and at the time of such acquisition corporation B owned and held a large number of the shares of the capital stock of corporation A, the officers and directors of neither corporation have the right, at a stockholders' meeting of corporation A, held for the purpose of electing directors of that corporation, to vote upon the shares of the stock of corporation A held by corporation B at the time of the acquisition of its stock by corporation A; and an owner of shares of stock in corporation A, which he has held for several years, and who was entitled at the time of his purchase of the stock, and still continues to be entitled to have a certificate thereof issued to him, but has never exercised that right, and whose shares stand on the books of the company in the name of his grantor, who, however, has no interest therein, has a standing in a court of equity to ask the court to prevent corporation A, or corporation B, from voting upon such shares.

On appeal from an order overruling a demurrer advised by Vice-Chancellor Pitney, whose opinion is reported *ante p. 67.*

*Mr. John W. Griggs,* for the appellants.

*Mr. Charles D. Thompson,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant in this case seeks an injunction to restrain the defendants, the International Silver Company and the United States Silver Corporation, or either of them, from voting at the stockholders' meeting of the International company upon certain shares of stock of that company purchased and now owned by the United States corporation. The situation disclosed by the bill is that both of these companies are New Jersey corporations; that the United States corporation, shortly after its formation in 1902, acquired and still holds about ninety thousand shares of the common stock and about five thousand shares of the preferred stock of the International company; that shortly afterward the International company purchased, and now owns, all of the stock of the United States corporation, and that it is the purpose of these two companies that one or the other of them shall vote the International stock held by the United States corporation at the annual meeting of the stockholders of the International company, to be held shortly after the filing of the bill, for the purpose of electing a board of directors for the then ensuing year. The bill further shows that the complainant is the owner of four hundred shares of the common stock of the International company; that he acquired three hundred shares of said stock on the 19th of May, 1902, and the other one hundred shares on July 30th, of the same year, and that while said stock stands on the books of the company in the name of one Hart, it is only nominally in him, and belongs to and is owned by the complainant.

Each of the companies demurred to the bill. They challenge the standing of the complainant to file the bill for the reason, as they say, that he is not a registered stockholder of the International company, and therefore is not qualified to maintain a

stockholder's bill against them.   They also contend that the facts herein recited do not afford ground for holding that neither the one company nor the other is entitled to vote this block of International stock at the annual meeting of the stockholders of that company.

The learned vice-chancellor held against the demurrants on both points and overruled the demurrer.  We concur in the conclusion reached by him.  We consider that the complainant, as the real owner of the stock of the International company which he has acquired, has a sufficient standing to file the bill, notwithstanding that the stock has not been transferred to him upon the books of the company, and for the reasons which are given by the vice-chancellor for his conclusion upon this point.   .

We prefer to put our decision upon the other point of the case on a somewhat different ground from that expressed by the learned vice-chancellor.

The effect upon the United States corporation of the purchase by the International company of the whole issue of the stock of the United States corporation was, *ipso facto,* to oust the board of directors of the latter company.  Section 39 of the Corporation act (*P. L. 1896 p. 290*), declares that "no person shall be elected a director of any corporation issuing stock unless he shall be, at the time of his election, a *bona fide* holder of some of the stock thereof;  and any director ceasing to be a *bona fide* holder of some of the stock thereof shall cease to be a director."  It also ousted the president of the corporation from his office, for, by the provision of section 13 of the Corporation act, the president must be a member of the board of directors.  There was therefore at the time of the filing of the bill no agency of the United States corporation which could act for it in casting the vote upon the block of International stock held by it, and any attempt to do so by a person claiming to be its president, or the duly authorized agent of its board of directors, would be illegal and an invasion of the rights of the complainant.

The acquisition by the International company of the whole of the stock of the United States corporation carried with it to

the International company no right to vote upon the shares of its own stock belonging to the United States corporation. By its acquisition of the United States corporation stock the International company either did, or did not, become the owner of its own stock thus held by the United States corporation. Whether it did, or did not, it is unnecessary to stop to inquire. If it did not, then plainly it is not entitled to vote upon the stock, for, by the express provision of the Corporation act, owners of stock alone are entitled to vote upon it at a stockholders' meeting. The single exception is that declared by section 37 of the Corporation act, of a pledgee of hypothecated stock who has been expressly empowered to vote thereon by the owner. If, on the other hand, by its acquisition of the stock of the United States corporation the International company became the owner of its own stock then held by the United States corporation, its right to vote upon it at a stockholders' meeting is prohibited by the thirty-eighth section of the Corporation act (*P. L. 1896 p. 290*), which is in these words: "Shares of stock of a corporation belonging to said corporation shall not be voted upon directly or indirectly."

The order appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—11.

*For reversal*—None.